**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

RORY HINES,

                          Plaintiff,               9:16-CV-00503 (BKS/DJS)

v.

SEAN HUFF, J. LOVEJOY, L. HALL,

                          Defendants.

_____

**Appearances:**

_For Plaintiff:_
Niall H. Harding
Gale Gale & Hunt, LLC
P.O. Box 6527
Syracuse, NY 13217

_For Defendants:_
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
Office of the Attorney General
Syracuse Regional Office
300 S. State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff Rory Hines brings this action under 42 U.S.C. § 1983 alleging that Defendants

Sean Huff, Joshua Lovejoy, and Lucas Hall, correctional officers at Auburn Correctional Facility

("Auburn"), subjected him to excessive force in violation of the Eighth Amendment. (Dkt. No.

1). Presently before the Court are the parties' motions in limine. (Dkt. Nos. 63, 64). Plaintiff

seeks to preclude Defendants from introducing: (1) evidence of his criminal convictions; (2) evidence of the inmate witnesses' criminal convictions; (3) evidence of the results of Plaintiff's October 15, 2014 urinalysis test. (Dkt. No. 64). In their motion in limine, Defendants seek: (1) to preclude Plaintiff from introducing evidence regarding Defendants disciplinary histories, personnel records, other lawsuits, or other complaints or grievances filed against them; (2) to introduce evidence of Plaintiff's felony convictions; and (3) to preclude Plaintiff's inmate witness, Michael Allen, from testifying about a November 2018 settlement he entered with the New York State Department of Corrections and Community Supervision ("DOCCS") in connection with a civil rights action arising from his incarceration at Auburn. (Dkt. No. 63-1). The parties have filed responses to the respective motions in limine. (Dkt. Nos. 73, 74). On August 5, 2019, the Court held a pretrial conference to address the parties' motions.[1] For the reasons that follow, the parties' motions are granted in part and denied in part.

## II.    DISCUSSION

### A.    Criminal Convictions

#### 1.    Plaintiff

In 2001, Plaintiff was convicted of murder in the second degree, and criminal possession of a weapon in the second degree. *See* http://nysdoccslookup.doccs.ny.gov. Plaintiff moves to

---

[1] At the pretrial conference, the Court addressed Plaintiff's other requests: seeking an opportunity to meet with Plaintiff prior to trial; allowing Plaintiff and his witnesses, who are currently incarcerated, to dress in civilian clothing; and allowing Plaintiff and his witnesses to be unshackled in the presence of the jury. (Dkt. No. 64, at 9–10). The Court will consider the issue of shackling after it has had an opportunity to discuss the issue with security officials transporting the Plaintiff and his witnesses. The Court also addressed the parties' motions to preclude, respectively, Plaintiff's, Plaintiff's witnesses', and Defendants' disciplinary histories. (Dkt. No. 64, at 6–7; Dkt. No. 63-1, at 3–6). The parties agreed such evidence was irrelevant but preserved their right to introduce such evidence if a party opened the door. (Dkt. No. 73, at 8). In addition, the parties discussed Defendants' intention to introduce evidence that Plaintiff and Allen were in the Special Housing Unit ("SHU") when they discussed Allen's observations of the alleged use of force. (*Id.*). Defendants also intend to "elicit testimony as to why inmates are relegated" to the SHU, but "do not intend to explore the disciplinary charges" that led to Allen's SHU assignment. (*Id.*). Plaintiff does not object to that evidence.

preclude evidence of his 2001 felony convictions on the grounds that they are more than 10 years old and the prejudicial effect substantially outweighs any probative value. (Dkt. No. 64, at 3–4). Defendants oppose preclusion of this evidence. (Dkt. No. 73, at 3).

Rule 609 of the Federal Rules of Evidence provides that, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A).[2] "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (quoting Fed. R. Evid. 403). Plaintiff requests that in the event the Court finds his felony convictions admissible, that Defendants "be precluded from specifically mentioning the name/charge of Mr. Hines' second degree murder conviction." (Dkt. No. 64, at 4). Defendants, however, "do not intend to elicit testimony with respect to the nature of Plaintiff's criminal convictions"; they seek only "to present evidence to the jury through Plaintiff's cross-examination that he has been convicted of felonies that resulted in his incarceration with [DOCCS] for the past eighteen years." (Dkt. No. 63-1, at 6; Dkt. No. 73, at 6). Accordingly, the

---

[2] Plaintiff initially argued that because his convictions are more than 10 years old, they are not admissible under Rule 609(a)(1), but governed by Rule 609(b), which places limits on admissibility of older felony convictions. (Dkt. No. 64, at 3). Rule 609(b) provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," "[e]vidence of the conviction is admissible only if . . . its probative value . . . substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). In response, Defendants assert that there are no such limitations on the admissibility of Plaintiff's felony convictions in this case, however, because Plaintiff has not been released from confinement for his 2001 convictions. (Dkt. No. 73, at 3). Plaintiff does not dispute this.

Court must weigh the probative value of the fact of Plaintiff's felony convictions and the length of his incarceration against the prejudicial effect of the admission of such evidence.

The Court notes that crimes of violence generally are of limited probative value of veracity. *Estrada*, 430 F.3d at 617-18. Also, as Plaintiff notes, the "convictions are eighteen (18) years old and occurred when Plaintiff was merely a teenager," and the age of the convictions diminishes their probative value. (Dkt. No. 74, at 3). Nevertheless, because Plaintiff plans to offer his account of the October 15, 2014 use-of-force incident, the jury will be required to assess his credibility against that of Defendants, who are expected to testify to a different version of the incident. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions are probative of his credibility. Since the jury already will know that Plaintiff was convicted of a crime, by the very nature of his excessive force claim against correction officers, the danger of unfair prejudice is minimal. *Espinosa v. McCabe*, No. 9:10-cv-497, 2014 WL 988832, at *3–4, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. Mar. 12, 2014). Moreover, as Defendants do not seek to introduce the names of the convictions or underlying facts, the Court finds that the probative value of Plaintiff's felony convictions is not substantially outweighed by unfair prejudice or the other evils Rule 403 seeks to avoid. Consequently, the fact of Plaintiff's felony convictions is admissible for impeachment.

Defendants also seek to elicit from Plaintiff the fact that he has been incarcerated for 18 years. While the sentence imposed is one of the "essential facts" of the conviction, "presumptively required by" Rule 609(a)(1), *Estrada*, 430 F.3d at 616, it appears that the court has the authority to exclude evidence of the length of the sentence when its probative value is outweighed by its prejudicial effect. *United States v. Brown*, No. 07-CR-874, 2009 WL 728448, at *3 (E.D.N.Y. March 10, 2009); *see Somerville v. Saunders*, No. 9:11-cv-556, 2014 WL

272415, at *10 (N.D.N.Y. Jan 24, 2014). The length of a sentence may bear a relation to the gravity of an offense. *United States v. Ramsey*, 315 F.2d 199, 199 (2d Cir. 1963). In this case, the length of sentence creates a danger of unfair prejudice because the jury might infer from its length that Plaintiff committed a serious violent crime, and unfairly decide this case, involving a physical altercation with the officers, based on such an inference. The Court finds that, in light of the limited value of the crimes of conviction to assist the jury in evaluating Plaintiff's character for truthfulness concerning an incident that occurred fourteen years after his convictions, any probative value of the length of the sentence is  substantially outweighed by the danger of unfair prejudice. *See Giles v. Rhodes*, No. 94–cv–6385, 2000 WL 1425046, at *13, 2000 U.S. Dist. LEXIS 13980, at *40–41 (S.D.N.Y. Sept. 26, 2000) (excluding evidence of the length of the sentence imposed for a prior felony conviction, as well as the fact of the conviction itself, as the impeaching party had failed to explain how the length of the sentence had "any impeachment value at all" and the risk for unfair prejudice was great because the term of the sentence was so long that the jury could infer that the witness "must have committed a serious and possibly violent crime"). Accordingly, the parties' motions concerning Plaintiff's prior convictions, (Dkt. No. 64, at 3–4; Dkt. No. 63-1, at 6–9) are granted in part and denied in part: Defendants may introduce the fact that Plaintiff has been convicted of two felonies punishable by a term of imprisonment of more than one year, but not the sentence he is serving.

### B.    Michael Allen and Kourtney Feurtado

Plaintiff seeks to preclude Defendants from introducing evidence of: (i) witness Michael Allen's 1991 convictions for murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and escape in the first degree, for which he received a sentence of twenty-seven years to life, (Dkt. No. 64, at 4; Dkt. No. 73, at 6); http://nysdoccslookup.doccs.ny.gov; and (ii) witness Kourtney Feurtado's 2011 conviction for

robbery in the first degree, for which he received a sentence of ten years. (Dkt. No. 73, at 6); http://nysdoccslookup.doccs.ny.gov. Defendants respond that they "only intend to introduce at trial that Plaintiff's witnesses have been convicted of prior felonies and the length of time they have spent in prison as a result."[3] (Dkt. No. 73, at 7).

As these convictions were felonies, they are admissible under Rule 609(a)(1)(A). Thus, the Court must balance the probative value of introducing evidence of the convictions against its prejudicial effect. The escape and theft crimes for which Allen and Feurtado, respectively, were convicted rank "high on the scale of probative worth on credibility." *See Estrada*, 430 F.3d at 618; *United States v. Steele*, 216 F.Supp.3d 317, 326 (S.D.N.Y. 2016) ("The general rule in the Second Circuit . . . is that robbery convictions are admissible as probative of a witness's honest character."). While the age of these convictions diminishes the probative value, the credibility of these witnesses will be at issue as Allen and Feurtado will, presumably, testify to a different account of the incident at issue than Defendants. Since they will be testifying to events they observed while incarcerated, the jury already will know that they were convicted of crimes and the danger of unfair prejudice is minimal. *Espinosa*, 2014 WL 988832, at *3-4; 2014 U.S. Dist. LEXIS 31741, at *16. Defendants also seek to introduce evidence that Allen has been incarcerated for 28 years and that Feurtado has been incarcerated for 8 years. As there is no evidence that either Allen or Feurtado (unlike Plaintiff) were involved in the alleged excessive force incident, there is little unfair prejudice in any inference the jury may draw from the sentences imposed. Accordingly, the Court finds that the probative value of the fact of the felony convictions and the sentences imposed is not substantially outweighed by unfair prejudice or the

---

[3] As both Allen and Feurtado remain confined at present for their felony convictions, Rule 609(b)'s limitations on the use of older felony convictions are inapplicable.

other evils Rule 403 seeks to avoid. Thus, Plaintiff's motion, (Dkt. No. 63-1, at 4–6), is granted in part and denied in part: Defendants may introduce the fact that Allen and Feurtado have been convicted of felonies punishable by a term of imprisonment of more than one year and the sentences imposed.

### C. Urinalysis

Plaintiff seeks to preclude Defendants from introducing "a urinalysis report taken [the evening of the alleged excessive force incident], which shows that Defendant tested positive for cannabis" as irrelevant and unfairly prejudicial. (Dkt. No. 64, at 7). Plaintiff argues that "whether Mr. Hines had cannabis in his system at the time of the incident does not make it more or less likely that Defendants used excessive force" and that any "probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury." (*Id.* at 8). Defendants oppose Plaintiff's motion and contend that "this information is relevant to Plaintiff's state of mind just prior to and during the use of force incident itself" and "could explain the behavior that Plaintiff exhibited earlier that evening," which appeared to Defendant Lovejoy to be "suspicious and agitated."[4] (Dkt. No. 73, at 9). Defendants further assert that "any confusion is easily dissipated based on Plaintiff's own prior testimony that he pled guilty to the drug charge." (Dkt. No. 73, at 8–9; Dkt. No. 61, at 62–64).

When determining whether the use of force was wanton and unnecessary, in violation of the Eighth Amendment, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Thus, both Defendant Lovejoy's observation that

---

[4] Defendants have not sought admission of this evidence for any other purpose.

Plaintiff was acting "suspicious and agitated" and the test results indicating that Plaintiff had marijuana in his system at the time, are relevant to the jury's consideration of the threat Defendants perceived when allegedly using force against Plaintiff. While test results positive for marijuana presents a danger of unfair prejudice -- that the jury may consider it as evidence of bad character – Plaintiff may provide a limiting instruction directing the jury to limit their use of the evidence for a permissible purpose. Given the relevance of such evidence to Plaintiff's behavior and Defendants' perception of it, during the relevant time period, the Court does not find that its probative value is substantially outweighed by the danger of unfair prejudice. Indeed, courts have admitted breathalyzer test results in Fourth Amendment excessive force cases as evidence of the circumstances confronting officers. *See Kokoska v. Carroll*, No. 3:12-cv-1111, 2015 WL 1004303, at *3, 2015 U.S. Dist. LEXIS 27496, at *7–8 (D. Conn. Mar. 6, 2015) (admitting breathalyzer tests as relevant to "the facts and circumstances confronting the officers [at the time of the alleged use of excessive force] was Plaintiff's alleged intoxication and how it may have influenced his actions and behavior" and "highly probative of Plaintiff's credibility because it reflects on his ability to perceive and recall the events of his arrest"); *Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 944 (9th Cir. 2009) (holding, in excessive force case, that evidence that decedent was on drugs was relevant because it made assertions that decedent was acting erratically more probable). Accordingly, Plaintiff's motion to preclude the test results, (Dkt. No. 64, at 7–8), is denied.

D.      **Allen's Settlement of Prior Lawsuit**

Defendants seek to preclude Allen from testifying about a November 2018 settlement

with DOCCS.[5] (Dkt. No. 63-1, at 9–10). At the pretrial conference, Plaintiff's counsel indicated

that Plaintiff would not seek to elicit testimony from Allen concerning his prior lawsuit and that

when he met with Allen, he would direct Allen not to testify about his prior lawsuit.

**III.    CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion in limine, (Dkt. No. 64), is granted in part and denied

in part; and it is further

**ORDERED** that Defendants' motion in limine, (Dkt. No. 63-1), is granted in part and

denied in part.

**IT IS SO ORDERED.**

Dated: August 6, 2019
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[5] The lawsuit to which Defendants refer is *Allen v. Annucci*, 9:16-cv-00047 (GTS/ATB), and arises from Allen's incarceration at Auburn.